HOUSTON OIL CO. OF TEXAS et al. v. DRAKE et al.†

(Circuit Court of Appeals, Fifth Circuit. October 3, 1910.)

No. 1,999.

1. ACTION (§ 30*)—FORM OF ACTION—MONEY HAD AND RECEIVED.

Where a bill in equity charges defendant with wrongfully asserting a claim of some character to the property in question, the exact nature of which is unknown to the complainant, and with cutting and removing a portion of the timber, and interfering with petitioner in control of the timber, and prays for an injunction against cutting of the timber and for damages, and the evidence shows the cutting of the timber by the defendant with the consent of complainant, the only claim of the complainants being for the proceeds of the timber, the case is one for money had and received.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 30.*]

2. MONEY RECEIVED (§ 18*)—EVIDENCE—SUFFICIENCY.

Where the evidence showed the consent of complainant to the cutting of timber by a lumber company, and that the lumber company should make payments therefor to the defendant, subject to the right of complainant to recover of defendant, complainant is not entitled to recover of defendant as for money had and received, in the absence of proof that the payments to defendant were actually made.

[Ed. Note.—For other cases, see Money Received, Dec. Dig. § 18.*]

Appeal from the Circuit Court of the United States for the Southern District of Texas.

Bill in equity by the Houston Oil Company of Texas and others against W. J. Drake and others. From a decree in favor of defendants, complainants appeal. Affirmed.

H. O. Head and T. M. Kennerly, for appellants.

George C. Greer and F. D. Minor, for appellees.

Before PARDEE and SHELBY, Circuit Judges, and FOSTER, District Judge.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied November 5, 1910.

PARDEE, Circuit Judge. The bill in this case seems to be one for an injunction to restrain the cutting and removing of timber from certain lands in section 13, of Tyler county, Tex., of the B. B. & C. Railroad Company patent; complainant claiming title to the timber on said land through purchase in January, 1901, from one John A. McShane, then said to be the legal owner of the land. The defendants are charged with wrongfully asserting a claim of some character to the property, the exact nature of which is unknown to the complainant, and with cutting and removing a portion of said timber and interfering with petitioner in control of the timber. The prayer is substantially for an injunction to restrain cutting timber and for damages. The defendants W. J. Drake, S. H. Drake, J. B. Hooks, and Jack Dies treated the case as one of trespass to try title, denying the allegations of the bill, also pleading not guilty and putting themselves on the country, and also asserting title to 160 acres by deed and by limitation of three and ten years, and praying for judgment quieting the title. Defendant John A. McShane was neither served nor did he enter an appearance. On these pleadings the case was referred to a master, who reported, recommending a money judgment against the Drakes and Hook.

The case shows as to facts as follows: January 29, 1901, John A. McShane, then being the owner in fee of the land in question, sold the timber thereon to the Reliance Lumber Company. January, 1902, the Reliance Lumber Company sold and conveyed the timber to Kirby Lumber Company, and some time afterwards the Kirby Lumber Company conveyed the same by deed or mortgage to the Houston Oil Company. The bill says that the title to the "land" was taken in the name of the Kirby Lumber Company, for the use and benefit of the Houston Oil Company; but the transcript contains no evidence as to such title or trust. In April, 1906, W. J. Drake and his wife, S. H. Drake, then being in possession and occupancy and claiming to own 160 acres of section 13 and the timber growing thereon, under a title acquired by 10 years' occupancy as claimants, sold all the merchantable timber on the 160-acre tract claimed by them to defendant J. B. Hooks for the sum of $1,000.

The master reports that on January 10, 1907, the defendant Hooks sold and conveyed all the merchantable timber on said 160 acres to defendant Kirby Lumber Company. The consideration of this deed is not given, but it appears that said purchase was with the knowledge of the Houston Oil Company, and was authorized by said Houston Oil Company, as follows:

"In the matter of the claim of W. J. Drake to 160 acres out of the above-named survey, I beg to advise that you have the consent of this company to pay Drake $2.50 per thousand for timber cut from said 160 acres, and pay this company $2.50 per thousand, without prejudice, however, to the rights of this company to recover the amount paid Drake from said Drake, if it is finally determined he has no title to the property in dispute. I hope this will enable you to take the timber off this 160-acre survey as you desire at once."

Under said purchase the Kirby Lumber Company cut from said 160 acres of land 2,636,115 feet of timber, worth $5 per thousand.

The case was tried before the master, and, apparently, before the court, solely as one of title. Overruling the master's report, the court below in effect, though not in terms, dismissed the bill.

The bill was properly dismissed, but not on the question of title, as to which under the evidence we are doubtful. The evidence shows that by consent of the parties the timber was cut off the land in question by the Kirby Lumber Company, and the only claim the Houston Oil Company has is for the proceeds paid to defendants, so that as a case it is one "for money had and received," and as such the complainant does not make out his case. There is no proof that the Kirby Lumber Company paid defendants anything. The inference from the meager evidence in the transcript is that it did not. It is true that Drake and wife sold the timber on the land to Hook for a consideration of $1,000 admitted to have been paid; but the purchase by the Kirby Lumber Company from Hook of property which it is said to have already owned was ratified by the Houston Oil Company, which reserved nothing except what was to be paid to Drake by the Kirby Lumber Company.

As nothing was proved to have been paid by the Kirby Lumber Company to the Drakes or to Hook, and as there was no privity between the Drakes and the Houston Oil Company, and as the case does not show that the defendants received any moneys they were not entitled in good conscience to retain, the decree of the Circuit Court, considered as one dismissing complainants' bill, is affirmed.